IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40675
USDC No. C-95-CV-612
_____


STEPHEN LLOYD TRAPP,

                                        Plaintiff-Appellant,


versus

JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION;
GARY JOHNSON, Deputy Director;
JAMES ZELLER, Warden;
J. GONZALES, Field Officer,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-95-CV-612
- - - - - - - - - - -
March 17, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Stephen Lloyd Trapp, Texas inmate # 515234, appeals the
dismissal of his civil rights action pursuant to 28 U.S.C.
§ 1915(d).  The PLRA requires a prisoner appealing IFP in a civil
action to pay the full amount of the filing fee, $105.  As Trapp

---

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

does not have funds, he is assessed no partial filing fee, 28 U.S.C. § 1915(b)(4).

The agency having custody of Trapp's inmate account shall collect the remainder of the $105 filing fee and forward for payment to the Clerk of the District Court for the Southern District of Texas in accordance with 28 U.S.C. § 1915(b)(2) each time the amount in Trapp's account exceeds $10 until the appellate filing fee is paid.

Trapp argues that he was denied access to the courts because prison officials interfered with his library time and because he was refused clerical materials to prepare legal documents. We have reviewed Trapp's brief and the record and perceive no abuse of discretion by the district court.

Trapp's appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5th Cir. R. 42.2.

This is not the first civil rights suit filed by Trapp which has been dismissed as frivolous. See Trapp v. Scott, No. 96-40338 (Aug. 28, 1996). A prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, , malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Including the dismissal of this appeal and the dismissal of the complaint from which appeal was taken, Trapp has three "strikes."  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Therefore, except for cases involving an imminent danger of serious physical injury, § 1915(g) bars Trapp from proceeding further under § 1915.  He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

IFP GRANTED; APPEAL DISMISSED.